# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DOUGLAS NORRIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-CV-356-JHP ) |
| SHILOH HALL, in his official and<br>Personal capacities;<br>THE CITY OF MORRIS;<br>OKLAHOMA HIGHWAY PATROL;<br>JOHN DOES 1-7, in their official<br>And personal capacities | ) ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court are Defendants Shiloh Hall and Oklahoma Highway Patrol's Motion to Dismiss (Doc. No. 14) and Defendant the City of Morris's Motion to Dismiss (Doc. No. 26). After consideration of the briefs, and for the reasons stated below, Defendants' Motions to Dismiss are **GRANTED**.

## BACKGROUND

Plaintiff Douglas Norris ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 and various state-law grounds. (Doc. No. 3). This is the second action Plaintiff has filed, following voluntary dismissal of Plaintiff's first case against Okmulgee County Criminal Justice Authority ("OCCJA"). Plaintiff's first action against OCCJA, filed on November 20, 2014, alleged violation of his constitutional rights as a result of receiving inadequate medical care while incarcerated at the Okmulgee County Jail. (Doc. No. 3 in Case No. 14-CV-512). The parties in that case filed a stipulation of dismissal without prejudice on May 15, 2015. On September 16, 2015, Plaintiff re-filed his claims against OCCJA in a second action, alleging failure to render

1

care while incarcerated at the Okmulgee County Jail. (Doc. No. 3). Plaintiff also added claims against several new defendants, including the movants, based on an incident that occurred on January 8, 2012. (*Id.*).

With respect to the January 8, 2012 incident, Plaintiff alleges he "was driving near Morris, Oklahoma when Defendant Shiloh Hall initiated a traffic stop for purported moving violations." (Doc. No. 3, ¶ 14). Hall approached Plaintiff and, without provocation, "began cursing him and grabbed ahold of [him]," arrested him without just cause, and "beat [him] severely in the course of arresting [him]" despite Plaintiff's repeated exclamations "that he was not resisting." (*Id.* ¶¶ 15-17). The beating caused Plaintiff to "bleed profusely from his mouth" and caused other injuries, and he was eventually taken by ambulance to the hospital. (*Id.* ¶¶ 18, 23). Other "John Doe" officers employed by Defendant the City of Morris and former Defendant Okmulgee County appeared on the scene and witnessed the altercation with Hall, but they did not intervene. (*Id.* ¶¶ 20-22). Plaintiff alleges he was charged with the crimes Hall alleged he committed, including a charge related to Plaintiff's "bleeding in the ambulance," as part of a cover-up of Hall's wrongful actions. (*Id.* ¶¶ 24-25). Defendant Oklahoma Highway Patrol ("OHP") allegedly was aware of Hall's propensity and pattern of excessive force yet failed to take measures to protect public safety. (*Id.* ¶ 27).[1]

Plaintiff asserts three causes of action against Hall: (1) wrongful arrest and excessive force in violation of his rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, actionable under 42 U.S.C. § 1983; (2) malicious prosecution/abuse of process for conspiring to prepare and file false police reports that resulted in charges being filed against Plaintiff, which violated his Fourth Amendment rights under the United States

---

[1] Plaintiff has since voluntarily dismissed his claims against OCCJA and Okmulgee County. (*See* Doc. No. 55). Accordingly, his claims of inadequate medical care received at the Okmulgee County Jail are no longer at issue.

Constitution[2]; and (3) assault and battery.  Plaintiff asserts a claim of negligent supervision, training, and general negligence against OHP, and he asserts a claim of respondeat superior and government liability against OHP and the City of Morris.

Defendants Hall, OHP, and the City of Morris (together, the "Moving Defendants") have now moved to dismiss Plaintiff's claims against them on various grounds, including dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which any relief can be granted as a matter of law.  (Doc. Nos. 14, 26).

## DISCUSSION

In considering a Rule 12(b)(6) motion, the court must accept all well-pleaded allegations of the complaint as true, and must construe them in the light most favorable to the plaintiff.  *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plaintiff bears the burden to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief.  *Twombly,* 550 U.S. at 556.

The Moving Defendants seek to dismiss Plaintiff's complaint as untimely filed.  Section 1983 claims brought in Oklahoma, as well as negligence claims, are subject to a two-year statute of limitations for "injury to the rights of another, not arising out of contract, and not hereinafter enumerated."  OKLA. STAT. tit. 12, § 95(3); *Meade v. Grubbs*, 841 F.2d 1512, 1522-24 (10th Cir. 1988) (two-year statute of limitations under Okla. Stat. tit. 12, § 95(3) applies in § 1983 actions), *abrogated on other grounds as recognized by Schneider v. City of Grand Junction Police Dep't,* 717 F.3d 760 (10th Cir.2013)).  "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her

---
[2] Plaintiff also asserts this claim against the "John Doe" defendants 1-7.

constitutional rights have been violated." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (internal citations and quotation omitted). Plaintiff does not dispute the two-year statute of limitations applies to his § 1983 claims. Here, the alleged constitutional violations occurred on or about January 8, 2012, more than three years before Plaintiff filed the complaint in this case on September 16, 2015. Plainly, Plaintiff's claims against the Moving Defendants were filed out of time. *See also* OKLA STAT. tit. 12, § 95(4) (one year statute of limitations for actions brought for assault, battery, or malicious prosecution).

Plaintiff argues his claims are nonetheless preserved because they relate back to the action filed on November 20, 2014, which was voluntarily dismissed by stipulation and timely re-filed. However, Plaintiff fails to note the complaint in case number 14-CV-512 was *itself* time-barred with respect to the traffic stop that occurred on January 8, 2012, as Plaintiff filed that complaint more than ten months after the two-year statute of limitations expired. Plaintiff did not name any of the Moving Defendants in that case, which allowed them no opportunity to raise the statute of limitations in that action. Plaintiff does not address this problem in his response briefs.

Although Oklahoma permits tolling the statute of limitations in limited circumstances— the existence of a legal disability; false, fraudulent, or misleading conduct calculated to lull plaintiffs into sitting on their rights; or exceptional circumstances—Plaintiff's complaint does not allege any such circumstances to justify tolling. *See Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009).[3] Moreover, although Plaintiff's response to the City of Morris' Motion to Dismiss refers to tolling (Doc. No. 32, at 4), Plaintiff does not raise any possible grounds for

---

[3] State law governs the application of tolling the statute of limitations in a § 1983 civil rights action. *Alexander v. Oklahoma*, 382 F.3d 1206, 1217 (10th Cir. 2004).

tolling in this case.[4] Accordingly, even if Plaintiff's claims against the Moving Defendants were entitled to the benefit of relation back of amendments under Fed. R. Civ. P. 15(c), they would still be untimely.[5]

Plaintiff's claims in this case against the Moving Defendants, as well as the John Doe defendants, are time-barred.[6] Accordingly, Plaintiff's case must be dismissed for failure to state a claim. Because the Court dismisses Plaintiff's claims in this case against the Moving Defendants as untimely filed, the Court need not reach the Moving Defendants' other arguments for dismissal.

## CONCLUSION

For the reasons detailed above, Defendants Shiloh Hall and OHP's Motion to Dismiss (Doc. No. 14) and Defendant the City of Morris's Motion to Dismiss (Doc. No. 26) are **GRANTED.** In addition, Plaintiff's claims against the "John Doe" Defendants 1-7 in their official and personal capacities are **DISMISSED**.

IT IS SO ORDERED this 9th day of May, 2016.

James H. Payne
United States District Judge
Eastern District of Oklahoma

---

[4] Plaintiff's reference to *Lyons v. Kyner*, 367 F. App'x 878, 882 (10th Cir. 2010) with respect to dismissal based on the statute of limitations is inapposite. (*See* Doc. No. 32, at 4). *Lyons* noted, "it is inappropriate for a district court to dismiss sua sponte a prisoner's § 1983 action on the basis of the statute of limitations unless it is clear from the face of the complaint that there are no meritorious tolling issues, or the court has provided the plaintiff notice and an opportunity to be heard on the issue." 367 F. App'x at 882 (quotation omitted). Here, the issue is not decided sua sponte, but rather on motion, and Plaintiff has had notice of the Moving Defendants' arguments on limitations through their motions to dismiss and an opportunity to respond, yet Plaintiff failed to raise any colorable argument that tolling should apply.

[5] The Court disagrees with Plaintiff's argument that the motions to dismiss are premature because of outstanding factual issues. (*See* Doc. No. 30, at 1-2). Plaintiff's own pleadings indicate his claims against the Moving Defendants are untimely. "While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute. Statute of limitations question may, therefore, be appropriately resolved on a Fed. R. Civ. P. 12(b) motion." *Aldrich v. McCulloch*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citation omitted). For the same reason, the Court denies Plaintiff's request to consider the motions to dismiss as ones for summary judgment.

[6] The Court additionally notes that the time for amending pleadings or joining parties passed months ago, and Plaintiff has failed to name the "John Doe" defendants.

5